[Sac. No. 2167.    Department Two.—March 29, 1915.]

HAPPY VALLEY LAND AND WATER COMPANY (a Corporation), Plaintiff and Cross-Defendant, Respondent, v. P. NELSON et al., Defendants and Cross-Plaintiffs, Appellants.

WATER-RIGHTS—QUIETING TITLE—DITCH CONSTRUCTED OVER GOVERNMENT LANDS—VESTED POSSESSORY TITLE—FINDINGS.—In an action by a public service corporation, engaged in the rental, distribution, and sale of water, to quiet its title to certain water and water-rights and a ditch through which the water was carried, a finding in favor of the plaintiff's ownership is sufficiently supported by evidence that plaintiff's predecessor in interest, a corporation organized for the purpose "of ditching and conveying water for mining and other purposes," years before the defendants' predecessors had acquired title to their lands, with actual appropriation and user, had constructed the ditch in question over government lands, and was carrying water through it, originally for mining purposes, and subsequently for purposes of irrigation and domestic use. The rights of plaintiff's predecessor having been acquired over government lands before their sale in private ownership, gave a vested possessory title under the act of Congress of 1866 and required no further or other record title for their support.

ID.—DEFECTIVE DESCRIPTIONS IN MESNE CONVEYANCES—OTHER SUFFICIENT EVIDENCE OF TITLE.—The defendants cannot question the sufficiency of the evidence to support such finding, on the ground that the descriptions in the mesne conveyances from the plaintiff's predecessors in interest were so defective as really to convey nothing, where the evidence established without conflict that all of the properties and rights of such predecessors had vested in the plaintiff without objection by any of the grantors; that taxes upon these properties had been paid by the plaintiff and its predecessors for more than five years previous to the commencement of the action, and that there was upon the part of the defendants a recognition of plaintiff's rights, in that they paid for the use of the ditch and the water taken there-

from a sum of money seasonably, and, in addition, kept the ditch in repair.

ID.—APPROPRIATION OF WATER FOR USEFUL PURPOSE—CHANGE OF USE FROM PURPOSES OF MINING TO IRRIGATION.—A corporation authorized by its articles of incorporation to use water for mining and "other purposes of said corporation," may change the use of water appropriated by it for a useful purpose from sale for mining purposes to sale for purposes of irrigation and domestic use.

APPEAL from a judgment of the Superior Court of Shasta County and from an order refusing a new trial. Charles M. Head, Judge.

The facts are stated in the opinion of the court.

Wal. J. Tuska, for Appellants.

Francis Carr, for Respondent.

HENSHAW, J.—Plaintiff, a public service corporation, engaged in the rental, distribution, and sale of water, sued defendants, asserting title to certain water and water-rights and a ditch through which the water was carried, and seeking to restrain defendants from interfering with the ditch and water. The complaint alleged that the defendants asserted some right and interest to the plaintiff's water and water-rights and ditches, and asked a decree affirming and quieting its title and rights against those asserted by defendants. The court gave judgment for plaintiff and from that judgment and from the order denying a motion for a new trial defendants appeal. Upon the appeal no contention is made that the judgment is not supported by the findings, the questions on appeal being limited to the proposition that the findings are not supported by the evidence.

It was established that plaintiff's predecessor in interest, the Dry Creek Tunnel & Fluming Company, was incorporated for "the purpose of ditching and conveying water for mining and other purposes, etc." Years before the predecessors in interest of these defendants acquired title to their lands, this corporation, with actual appropriation and user, had constructed the ditch in question and was carrying water through it, originally for mining purposes, subsequently for purposes of irrigation and domestic use. These rights of plaintiff's predecessor having been acquired over the govern-

ment lands before their sale in private ownership, gave a vested possessory title under the act of Congress of 1866, and required no further or other record title for their support. Complaint is made by appellants that the description in the mesne conveyances from the Dry Creek Tunnel and Fluming Company to plaintiff were so defective as really to convey nothing. But it is not controverted, and cannot successfully be controverted, that all of the properties and rights of the Dry Creek Tunnel and Fluming Company have vested in this plaintiff without objection by any of the grantors; that taxes upon these properties have been paid by plaintiff and its predecessors for more than five years previous to the commencement of the action, and that there was upon the part of these defendants a recognition of plaintiff's rights, in that they paid for the use of the ditch and the water taken therefrom a sum of money seasonably, and, in addition, kept the ditch in repair. All this was done by them in subordination to and in recognition of the rights of plaintiff, and only when plaintiff raised its water rates shortly before the commencement of this action did the defendants refuse to pay, and assert title and ownership in themselves. The Dry Creek Tunnel and Fluming Company having appropriated the water for a useful purpose, its articles of incorporation authorizing it to use the water for mining and "other purposes of said corporation," the change in the use from sale for mining purposes to sale for purposes of irrigation and domestic use, was legitimate. Moreover, it is not questioned but that the plaintiff, which, as has been said, has succeeded to all of the rights of the Dry Creek Tunnel and Fluming Company, is formally and regularly incorporated for the supplying of water as a public service corporation.

Certain rulings in the admission of evidence are objected to. It may not be doubted that some of those objections were well taken, the answers admitting improper hearsay evidence. But it is not perceived that the answers themselves were of such a nature as to prejudice the case of appellants. It was testified to without objection by the witness Taylor that Harvey was in charge of the ditch as the agent of the Dry Creek Tunnel and Fluming Company, and that the witness, using water from the ditch, recognized the right of the company to the ditch and water at all times. Sub-

sequently Harvey, called as a witness, testified that he was the superintendent and manager of the ditch system and was claiming the ditch in controversy as part of the system. The objection was made that the question was suggestive, called for the conclusion of the witness, and assumed that he had authority to make a claim on behalf of the company. Undoubtedly the form in which the question was cast made it suggestive, but the evidence elicited by the question was competent, and the technical error worked no substantial injury.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.